# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31023

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2019

Lyle W. Cayce
Clerk

JOHNNY DEAN, SR.,

      Plaintiff - Appellant

v.

SEA SUPPLY, INCORPORATED; SEA SUPPLY, INCORPORATED COB; JESSICA ELIZABETH, in rem,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

Vessel Captain Johnny Dean slipped and fell while trying to fix the No. 4 engine on the M/V JESSICA ELIZABETH. He brought this action under the Jones Act and general maritime law against Sea Supply, his employer and the owner/operator of the vessel. (Dean also sued the vessel *in rem*). Dean advanced several theories of liability. After a three-day bench trial, the district court rejected all of them because Dean was solely at fault. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31023

At the time of his fall, Dean was wearing a pair of Starter brand tennis shoes. The vessel safety manual provides that "Safety toed shoes or boots with slip-resistant soles shall be worn at all times while outside the living quarters." The district court found that Dean's shoes were not in compliance with Sea Supply's safety requirements for working in the engine room. The court found that Dean's failure to wear proper footwear and his failure to clean either his shoes or the walking surface in the engine room (which he knew were oily) were the sole cause of the accident. The court found Dean 100% liable.

Dean argued Sea Supply was at least partly at fault. He contended the vessel was unseaworthy because the No. 4 engine was broken, and that Sea Supply was negligent in failing to have it fixed sooner. The district court agreed that the engine's failure to work properly created an unseaworthy condition but said the unseaworthiness did not matter because Dean was solely at fault for the accident. The court further rejected Dean's argument that Sea Supply was negligent for failing to enforce its footwear policy. On appeal, Dean maintains the court's findings are against the weight of the evidence. He also argues for the first time that the design of the JESSICA ELIZABETH—which requires a worker to stand in the oily bilge while repairing the No. 4 engine— rendered the vessel unseaworthy.

Because Dean did not argue below that the vessel was unseaworthy because of its design, he has waived that argument. *See Texas Molecular Ltd. P'ship v. Am. Int'l Specialty Lines Ins. Co.*, 424 F. App'x 354, 357 (5th Cir. 2011) (arguments not made before the district court are waived and will not be considered on appeal). But even if he had not waived it, we would reject his new theory because Dean's reliance on *Rogers v. United States*, 452 F.2d 1149, 1151 (5th Cir. 1971), is misguided. That case does not establish a general rule that a vessel design which forces a seaman to stand in the bilge to work on an

2

engine always renders the vessel unseaworthy. Two years after *Rogers*, we explained in *Garcia v. Murphy Pacific Marine Salvaging Co.* that the seamen in *Rogers* were required to stand in the bilge "for several hours" and that "[n]othing had been done to avoid or minimize the danger of slipping." 476 F.2d 303, 306 (5th Cir. 1973).

There is no evidence that Dean stood in the bilge for that long. And Dean's placement of absorbent pads in the bilge minimized the danger of slipping while he worked. *See id.* (distinguishing *Rogers* because canvas, burlap, and sawdust were used to reduce the chances of slipping). Most importantly, however, the district court found that the sole cause of the accident was Dean's failure to take other, additional steps which would have further reduced the danger of slipping. *Dean v. Sea Supply, Inc.*, 2018 WL 3391578, at *5 (E.D. La. July 12, 2018). So even if the location of the No. 4 engine did render the JESSICA ELIZABETH unseaworthy, Dean is still barred from recovery unless we reverse that factual finding. The same is true for Dean's other arguments for reversal.

Questions of fault, including determinations of causation, are factual issues that may not be set aside unless clearly erroneous. *In re Mid-S. Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005). "We entertain a strong presumption that the court's findings must be sustained even though this court might have weighed the evidence differently." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 303 (5th Cir. 2008). Reviewing the record, we are not convinced that the district court's findings as to causation are clearly erroneous.

The district court found that Dean's accident was the result of his own unreasonable failure to prepare for the oily conditions he knew he was likely to encounter while fixing the engine. *Dean*, 2018 WL 3391578, at *5. Dean ignored the footwear policy, failed to ask for help from a deckhand, failed to

clean a walkway that he knew was oily, and failed to clean his shoes when he knew they were covered in oil despite the availability of rags and absorbent pads. *Id.* at *2. Reviewing the district court's application of the standard of causation, we are not "left with the definite and firm conviction that a mistake has been committed." *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992). Accordingly, we affirm.